## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| OLIVER ROYSTAN DUNBAR, | : | |
| | : | |
| Petitioner, | : | Civ. No. 17-1001 (KM) |
| | : | |
| v. | : | |
| | : | |
| CHARLES GREEN, | : | **OPINION** |
| | : | |
| Respondent. | : | |

Petitioner, Oliver Roystan Dunbar, is a former immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges his immigration detention in this action. Previously, this matter was administratively terminated as mail sent to Mr. Dunbar by the Clerk was returned as undeliverable. Thereafter, on March 10, 2017, this Court received a letter from Mr. Dunbar providing his new address in Jamaica. Mr. Dunbar states in his letter that he was removed from the United States on February 23, 2017. In light of Mr. Dunbar's having provided this Court with his new address, the Clerk will be ordered to reopen this case.

Previously, this Court ordered respondent to file an answer in response to Mr. Dunbar's habeas petition. That is no longer necessary. With respect to screening a habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the

policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S .Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

A habeas petition, in this context, seeks release from immigration detention. As a general matter, in *Zadvydas v. Davis,* 533 U.S. 678 (2001), the United States Supreme Court held that 8 U.S.C. § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Mr. Dunbar, however, is no longer in immigration detention. He represents to the Court in his letter, received March 10, 2017, that he has already been removed from the United States to Jamaica. The Court's review of the U.S. Immigration and Customs Enforcement online detainee locator confirms that Mr. Dunbar is no longer in immigration detention. *See https://locator.ice.gov/odls/searchByAlienNumber.do* (last visited on March 16, 2017). In short, Mr. Dunbar has received the relief he seeks in his habeas petition; he is no longer in immigration detention. Nor is there any reasonable probability of his being placed in immigration detention again, since he is no longer in the United States. Accordingly, his habeas petition seeking his release from immigration detention is moot as he "has achieved the result he sought in his habeas

2

petition and his change in circumstances has 'forestalled any occasion for meaningful relief.'"
*Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (quoting *Artway v. Att'y Gen.*, 81 F.3d
1235, 1246 (3d Cir. 1996)) (other citation omitted); *see also Lindaastuty v. Attorney General of
United States*, 186 F. App'x 294, 296 (3d Cir. 2006) (habeas petition challenging immigration
detention is moot due to deportation from the United States); *Tjandra v. Ashcroft*, 110 F. App'x
290 (3d Cir. 2004) (finding appeal from denial of habeas petition that challenged immigration
custody while petition for review was pending moot in light of petitioner's removal from the
United States); *Pinoth v. Holder*, No. 14-1803, 2015 WL 2015 WL 404489, at *1 (M.D. Pa. Jan.
29, 2015) (denying habeas petition that raised *Zadvydas* claim as moot where petitioner was
removed from the United States); *Nguyen v. Holder*, No. 13-0838, 2013 WL 5728671, at *1-2
(M.D. Pa. Oct. 22, 2013) (same).

For the foregoing reasons, the habeas petition will be dismissed as moot. An appropriate
order will be entered.

DATED:  March 17, 2017

KEVIN MCNULTY
United States District Judge